IN THE UNITED STATES COAST GUARD
COURT OF CRIMINAL APPEALS

| | |
|---|---|
| UNITED STATES,<br>      Appellee<br><br>v.<br><br><br><br>Madison J. ST. PIERRE,<br>Seaman Recruit (E-1),<br>U.S. Coast Guard,<br>      Appellant | 5 March 2004<br><br>APPELLANT'S MOTION FOR RECONSIDERATION, WITH WHICH THE GOVERNMENT JOINS, AND MOTIONS BY APPELLANT AND THE GOVERNMENT FOR LEAVE TO FILE BRIEFS<br><br>CGCMS 24253<br><br>DOCKET NO. 1193<br><br><u>ORDER- PANEL ONE</u> |

BAUM, Chief Judge:

Appellant has moved for reconsideration of this Court's decision of 21 January 2004 affirming the findings of guilty and a sentence, which included an approved bad-conduct discharge. In his motion of 19 February 2004, Appellant asserts that after the case was referred to this Court, but before our decision was rendered, Appellant was discharged from the Coast Guard with a general discharge. He now asks this Court to determine, upon reconsideration, whether the general discharge operated as a remission of the bad-conduct discharge, and requests leave to file a brief on this issue. In a response, the Government has joined Appellant's motion for reconsideration, but has taken a different position on the issue presented. The Government asserts that the discharge was a legal nullity, having been issued without authority, and that, upon reconsideration, we should determine whether the discharge was valid. If we conclude that it was valid, the Government wants this Court to then decide whether the administrative discharge operates to remit the bad-conduct discharge. The Government also requests leave to file a brief on the issue. Mindful of the United States Supreme Court's opinion in *Clinton v. Goldsmith*, 526 U.S. 529 (1999), it is by the Court this 5th day of March 2004,

ORDERED:

That the motions filed by Appellant and the Government are hereby denied, as raising matters outside the purview of court-martial review under Article 66, Uniform Code of Military Justice (UCMJ). *Clinton v. Goldsmith* made it clear that the independent statutory jurisdiction of the Court of Appeals for the Armed Forces is narrowly circumscribed and that action to drop an officer from the rolls is an executive action, which appears straightforwardly to be beyond that Court's jurisdiction to review. *Goldsmith*, 526 U.S. at 535. By extension, the same must be said for Courts of Criminal Appeals and administrative discharge action for enlisted personnel. Moreover, as pointed out in *Clinton v. Goldsmith,* other administrative bodies in the military, and the federal courts, have authority to provide administrative or judicial review of the challenged

action. *Id*. at 537-538. Accordingly, as in *Clinton v. Goldsmith*, we have determined that the executive action addressed by the motions in this case falls outside our express statutory jurisdiction under Article 66, UCMJ, notwithstanding our jurisdiction to entertain a motion to reconsider this Court's earlier decision, as having been filed within the time allowed by Rule 19 of the Rules of Practice and Procedure of the Courts of Criminal Appeals, and with neither a petition for grant of review nor a certificate for review having been filed with the United States Court of Appeals for the Armed Forces.

Judges KANTOR and CAHILL concur.



For the Court,


Roy Shannon Jr.
Clerk of the Court

Copy:  Office of Military Justice
        Appellate Government Counsel
        Appellate Defense Counsel